

DA 10-0124

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 165N

THOMAS MID MOSSER,

      Plaintiff and Appellant,

  v.

CROWLEY FLECK, PLLP,

      Defendant, Appellee and Cross-Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 09-951 AX
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Thomas Mid Mosser, self-represented litigant; Bozeman, Montana

      For Appellee and Cross-Appellant:

      David M. Wagner; Crowley Fleck, Bozeman, Montana

              Submitted on Briefs:  July 20, 2010

                       Decided:  July 27, 2010

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mosser owned a hotel in Bozeman, Montana. He borrowed $850,000 and secured the debt with a deed of trust to the hotel. He never made any payments on the loan and the lender foreclosed. Mosser appealed an adverse decision in the foreclosure action and this Court affirmed. *Silver Hill v. Mosser*, 2009 MT 405N, 354 Mont. 393 (Table). Mosser then filed a petition in Bankruptcy Court. That action was dismissed after the Bankruptcy Court found that Mosser was an "arrogant, self-serving individual who has no respect for creditors' rights," and that his filing had been made in bad faith to further his goal of not repaying the lender. The hotel collateral was then sold at a sheriff's sale.

¶3 Mosser then filed the present action against the Crowley Fleck law firm, which had represented the lender-creditor in the bankruptcy case. Mosser contended that statements made by Crowley attorneys in Bankruptcy Court pleadings or at hearings constituted "deceit" under § 37-61-406, MCA, and that he was entitled to collect damages. The District Court granted Crowley's motion for summary judgment and Mosser appeals. We affirm.

¶4 The District Court reviewed the record and concluded that the allegedly deceitful statements were "argumentative characterizations of the record" by the Crowley attorneys. The District Court further found that there were sufficient undisputed facts in the record to support the arguments and to preclude a finding that they were deceitful under § 37-61-406, MCA.

¶5 Mosser also makes extended arguments on appeal that it is unconstitutional to dispose of litigation through summary judgment. The District Court concluded that summary judgment did not impermissibly restrict Mosser's constitutional rights.

¶6 The District Court's order is based upon the appropriate legal standards and upon sufficient evidence. We find no reason in fact or law to disturb the District Court's order.

¶7 Crowley cross-appeals contending that the District Court erred in denying its motion to dismiss Mosser's complaint based upon principles of claim preclusion. Because we uphold summary judgment in Crowley's favor we do not reach this issue.

¶8 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS